Appellant. Mr. Rosenswing for the Appellant, Mr. Smith for the Appellant. Good morning. Good morning, Your Honor. May it please the Court. I'd like to begin briefly by addressing the ineffectiveness claim. I'd like to start by asking a question. Why? Or in this case, more particularly, why not? Every second year law student in a clinical class learns not to ask that question on cross-examination. We do not ask it because it invites the witness to speculate, offer opinion, belief, feeling. All matters that would not be admissible on cross-examination. The famous trial attorney from Miami calls it the deadly why question and admonishes that it should never be asked. Yet that is precisely what Thomas Heslop asked Detective Carlton Herndon on cross-examination during Mr. Gooch's trial. Affording the detective the opportunity to convict Mr. Gooch out of the detective's mouth of two murders, we would freely acknowledge that there was other evidence that bore on the question of Mr. Gooch's guilt or innocence with respect to those two murders. Including fingerprint on the murder weapon? Fingerprint on the magazine of the gun, yes, Your Honor. Though as we would have argued, as we did argue, the magazines are interchangeable. And a fingerprint on the magazine of a gun is different in kind from fingerprint on the gun itself. We certainly would not have suggested that there was no arguable evidence. But all of it, circumstantial, all of it confirmed indeed lent power by the testimony of the defective that was invited error by Mr. Gooch's counsel, Mr. Heslop. With the detective not really testifying about the basis of his statement, how is it really prejudicial? Well, Your Honor, my experience in trial court at least is that the testimony of sworn law enforcement officers is given great weight by jurors. Having been given great weight by the testimony of the defendants, I would argue that there is a difficulty for the defense as it followed thereafter, which was whether to further plumb the depths of it, calling attention to the matter, or whether to let it lie. Our submission would be that at a minimum here, Mr. Gooch has made a case, a plausible case, of the ineffectiveness of his counsel and the potential prejudicial effect, something that the Second Amendment does not allow. I would argue that there is a further ineffective cross-examination of the detective that was so bad that the district court was required to admonish him just a little later in that proceeding. And as the Court is aware, the efforts by Mr. Gooch to have his counsel dismissed because of this ineffectiveness all conjoins to at least afford him the opportunity to make this case before the... There's a lot on the prejudice prong. There's a lot more than just the fingerprint right there, as our prior opinion indicated. Later that night, Gooch told Wills that he had shot Cooper. He later told Abney that he'd murdered Cooper and Miller. Assuredly, Your Honor, we could not dispute that there is other evidence out there. But as we have said, the fact that a detective, a sworn law enforcement officer, is afforded by Mr. Gooch's own attorney the opportunity to convict him affirmatively through his own testimony provides, we think, the reinforcing character that gives rise to the potential for prejudice. What was the cautionary instruction the judge offered to give? The judge offered to give a cautionary instruction that the jury should disregard the officer's testimony because it was... Should disregard that portion of the officer's testimony because it was opinion. Now, of course... I'm sorry. Counsel didn't argue or attempt to argue with the judge over alternative cautionary instructions. Well, that to be sure. I mean, I'm not sure a jury would be much moved by the classification of opinion. It may very well not have been, Your Honor, to be sure. Though, again, counsel was faced with an unenviable choice of calling further attention to it. Right. Of course, to reach the substantive matter, the court first has to determine that it has appropriate appellate jurisdiction to hear this case in the first instance. And if the court would permit, I'd like to turn to that. Our principal argument is that Mr. Gooch's motion for an extension of time within which to seek a certificate of appeal is the functional equivalent of a notice of appeal. And since it was filed well within the 60-day time limit under Rule 4 for appellate filings, that by itself is enough to bring the case properly before this court. Is there any reason why the fact that that document preceded the filing by the District Court of the certificate of appealability on the one issue, does that affect our jurisdiction at all? I see no reason why it should, Your Honor, any more than it would than courts that have previously treated actual requests for certificates of appeal have found a problem in the subsequent issuance of a certificate of appeal and then filing appeal. That would be the Rogers case out of the Tenth Circuit, as well as Ortberg v. Moody in the Ninth Circuit and Bell v. Mazzell in the Seventh. Those courts have treated the direct requests for certificate of appeal as notices of appeal. And those two must, by definition, have preceded the issuances of the certificate of appeal. So I wouldn't say that that timing problem in any way would adversely affect this. So our argument would be the Supreme Court has said quite clearly that informal pleadings of all sorts are capable of being construed as functional equivalents of notices of appeal, letters, informal briefs. At least three other circuits have said that direct requests for certificates of appeal may be construed as notices of appeal. The district court below was sufficiently aware of this that when he, when Mr. Gooch filed a request for an extension of time within which to file a notice, seek a certificate of appealability, she construed that as a request for certificate of appealability and granted it. So, and then the final piece of the puzzle, of course, is whether or not Mr. Gooch's particular pleading met enough of the requirements of Rule 3 to be sufficient for this court. And that, we submit, is quite clear as well. If you look at the pleading in the Joint Appendix on 174, it has two of the three requirements of Federal Rule of Appellate Procedure 3. The first is that the caption contained the names of the parties. That's clear here. The second is that it identified the order that is being Mr. Gooch's motion pursuant to 28 U.S.C. Section 2255 could hardly be clearer. What it does not do, but what we submit is unnecessary, is identify the court to which the appeal would be taken, namely this court. And the reason that is not an error that should trouble the Court is twofold. The first is, of course, the longstanding doctrine, emblematic in the Sixth Circuit's Dillon case, that where only one court may be the potential venue to which an appeal can be taken. The failure to name that singular court is not itself error. And here, of course, the appeals from the District Court are only to this court. And more importantly, if that were truly a potential barrier to appealability, then all of the decisions of the other circuits with respect to other certificates of appealability would themselves have been error. To sum it up, there's been no claim by the United States that they would be in any way prejudiced by this appeal being docketed and heard. There's been no disagreement from the United States that the District Court's decision to treat the motion for an extension of time as a direct request for a certificate of appealability was wrong. And there's been no call by the government for this to be a direct request for a certificate of appealability. And there's been no call for any other circuits that have all held that requests for certificates of appealability can be the functional equivalent of notices of appeal if they meet the other requirements. Given that, our submission is that this motion for extension of time should be treated as the functional equivalent of a notice of appeal. Or, at a minimum, that because Mr. Gooch was proceeding as a pro se petitioner, and there's a longstanding doctrine of attributing liberality to the construction of the pleadings of pro se petitioners, at a minimum, that should be the case where the pleadings below have been filed pro se. The Court might, if it chose to, reserve for later the question of whether or not the same rule of construction would apply to counseled failures to timely file notices of appeal. But that would assuredly still benefit Mr. Gooch. And then finally, of course, there should be no doubt that Mr. Gooch had every intent to appeal and that the only reason his effort to do so was frustrated was at least in part because of the inadvertent error of the clerk below and the failure to serve upon him the order from the district court. So in a sense in which we are at all balancing any of the equities, Mr. Gooch's failure to perfect his appeal in the canonically correct way was at least partially the product of the fact that he never received the notice from the Court that his request for a certificate of appealability had been granted. With that, I see my time is up. I'll give you some time for rebuttal. Thank you. May it please the Court. Peter Smith on behalf of the United States. The district court did not err in concluding that Appellant's appeal was time barred. Appellant was undisputedly aware of the denial of his 2255 petition. Isn't it kind of an embarrassment as a legal system if we, given the flexible standards here, that we throw a pro se out of appeal when the clerk of the district court failed to notify the pro se prisoner of the order? I think not, Your Honor, for several different reasons. First of all, as I mentioned... To say time bar in this case when he did what he could do, and then he writes the follow up letter saying, hey, what happened to my case? That's a tough one for me. Well, the letter that he wrote... Given the flexible standard, if there's some absolute standard, I'll follow it, but there's no way the Supreme Court has articulated the standard. Well, I think the flexibility is in construing whether a document is a notice of appeal. Exactly. So why not exercise that flexibility here, and why are you pushing so hard on that? Well, the document that he filed wouldn't have put the district court on notice that that was itself a notice of appeal. The district court would have expected... So what is missing? What is missing is the advisory committee notes say that the Smith v. Berry principle, which is that you don't look at necessarily the title of the document, but appellant is still required, first of all, to affirmatively note an appeal. That is his responsibility. And second of all, he has got to fulfill the requirements of Rule 3. He can't simply file a document that meets one or two of the requirements, which is, among other things, a clear enunciation that he intends to appeal the denial of his 2255. Is there serious doubt that he was seeking a certificate of appeal in Bill 8 so they could appeal? Well, subjectively, I would agree, or I would say it's at least arguable that he expressed a subjective intention to appeal. But the inquiry would be, what does the document he filed, what does that show or what does that do? What is the function of that document? And the advisory committee notes say that the district court should treat something as a notice of appeal if it, among other things, evidences an objective intention to appeal. Of course it does. I think I'd have to have my head cement not to read this and think, okay, he wants to appeal. Well, again, that would be subjectively he wants to appeal. No, but objectively, I don't really know the difference in what you're saying between subjective and objective in this instance. But I read this document, like, yeah, he wants to appeal. He realizes he needs to clear this threshold barrier. He's trying to make sure he does that properly. The COA barrier. Right. And I guess the difference between the subjective and the objective would be trying to obtain a certificate of appealability, a COA, would be evidences subjective intention to appeal, to note an appeal, or to appeal. But the document he filed didn't say anything about noting an appeal. It was hypothetical. It talked about doing research. It talked about things getting sought in an extension of time. But the problem is, with your argument, is that in most civil cases you don't need a certificate of appealability, right? Correct. And that's what the language from the advisory committee notes was referring to, right? The general run-of-the-mill case. Right. So when it's I mean, here, he can't just file a notice of appeal. He's got to get a certificate of appealability first. He does. So why does the kind of way that we would look at a document filed in a run-of-the-mill case where we really are just trying to figure out, does that person want to appeal and they don't need a certificate, why should that doctrine govern here where he's also knows that he's got to jump over this other hurdle first? Well, for two reasons, Your Honor. The rules that apply to the other civil cases also apply to appellant in this case. I mean, he still needs to comply with the civil rules. And the cases make clear that he's got to comply with both Rule 3 and Rule 4, the time limitations, and he's got to obtain a certificate of appealability. And as appellant mentions in his opening brief, the rules seem geared towards noting the appeal first. Certainly the fact that somebody seeks a certificate of appealability first isn't required. And I would suggest that... So if a prisoner, reading the rules and understanding how this all works, says, I need more time to, you know, research and draft a motion for a certificate of appealability so that I can hopefully convince you to issue it and then I can take further steps, and that's what he says, that's not enough because he hasn't used the words, my further steps mean that I'm going to appeal. No, because it's preliminary and because it's kind of hypothetical. I'm sorry, what makes it hypothetical? I mean, it's hypothetical in the sense that it hasn't happened. That's obvious. That's a given, I'd say, the filing of the notice of appeal. But we're talking about whether it puts the government, everybody who's interested, on notice that he wants to appeal. And it seems to be extraordinary to suggest in the absence of some special wording problem that someone proposes to do a lot of research on getting a certificate of appealability and the arguments necessary to get such a certificate without an interest in appeal. Well, I guess my response is, Your Honor, is twofold. First of all, he may or may not, after doing research, decide that... That's always possible. I mean, he may decide not to do so. And so that brings it under the case we cited in our brief in the Ford Motor Company case, where a motion for extension of time was not a notice of appeal because it had this sort of hypothetical character. The person may or may not ultimately seek to note an appeal. And if I may, I did want to suggest to the Court and respond to Appellant's merits argument, but suggest to the Court that the simplest way to resolve this question is simply to do what Judge Collier ultimately did, which was to address the merits in the 2255 and say Appellant's claim, underlying claim, simply lacks merit because... Just one more question on timing. If we were to rule against you on the threshold argument, is there some systemic problem that we should  address? I guess if the threshold problem is whether the initial document was a notice of appeal, I'm not... I guess I don't know how to answer that question because I'm not... I think you have answered it. I don't know what I don't know, but I guess I would say that it's our position that a prisoner should note an appeal first. That's the first thing that happens in any case, as I mentioned to Judge Wilkins. Just like in any civil case, you note an appeal, then you seek the C.A. On the merits, there's no reason to address deficiency, which is how Appellant started out this morning. Judge Collier didn't reach that question and we didn't argue it in our brief. This Court can simply resolve this case by saying that Appellant wasn't prejudiced. There was overwhelming evidence implicating Appellant in the murder that's at issue in the cross-examination, and that's the murder of Cooper. An officer who knew Appellant saw him running from the crime scene. The murder weapon was found at the crime scene with Appellant's fingerprint. Appellant's argument about the magazine with the gun is not in any way exculpatory because, first of all, the gun was found at the crime scene. Second of all, the fact that somebody touched the magazine, to me, is more inculpatory. That means they were the one who loaded the gun. They didn't just touch it at some point in the past. They loaded that gun. The fact that it was found at the crime scene, it was used in the crime. It wasn't something that Appellant touched in the past. He was seen running from there. The jury credited the government's witnesses. The jury convicted Appellant of many crimes in addition to that murder, so they credited those witnesses as to their testimony in unrelated counts. So what I'm saying is that aside from that cross-examination, they credited the government's witnesses. Judge Collier was the trial judge. She was also the hearing judge on the 2255, and the fact that she saw the evidence come in at trial should give this court great comfort that there was overwhelming evidence and that this isolated response by the detective during cross-examination in a three-month trial simply wasn't load-bearing. It wouldn't have prejudiced Appellant. It wouldn't have he can't show any reasonable probability of a different outcome given that isolated statement in the context of a long trial where the government presented overwhelming evidence, including Appellant's fingerprint on the murder weapon. Go ahead. Is there any curative instruction that actually can cure as opposed to just driving the error home? I think there would be, Your Honor. The one the court suggested I think was a good one. The jury is presumed to follow its instructions, and the court's suggested instruction was that Detective, I think his name is Herndon, Detective Herndon testified. You wouldn't even have to necessarily repeat what he said. You could say at points his testimony included information that was not his firsthand knowledge, and the jury doesn't need to credit that information. It was basically what she suggested, that if he didn't have firsthand knowledge of it, then that's sort of beyond the purview of the jury. It doesn't necessarily re-ring the bell, and it solves the problem. But if the defense doesn't want it, that's fine. The fact is there's overwhelming evidence against Appellant. Have we ever held that we give a more deferential standard of review where the 2255 judge was the trial judge? This court has. I think it's I don't recall the name of the case, but if a judge was the trial judge, it has more discretion to deny 2255 petition or motion without a hearing, because it's already seen the evidence, and there may be no need for a hearing. So that's the principle that I'm speaking about. Thank you very much. Thank you. We urge the Court to affirm the judgment. Two minutes for rebuttal. Very briefly, in response to your question, Judge Wilkins, I believe this Court has said that the fact that the 2255 judge is the judge who also heard the trial may relieve him or her of the obligation to hold an evidentiary hearing, but you haven't articulated a more deferential standard that I'm aware of. Turning to your question, Judge Kavanaugh, on the systematic issues here, I would urge the Court to resolve the appealability issue, both for the certainty of the bar and, more broadly, to avoid the possibility of a flood of otherwise frivolous appeals without certificates of appealability, which you would incentivize pro se Petitioners to routinely file in all circumstances rather than waiting, as Mr. Gooch seemed to be, patiently for some response from the Court. So because this is one of those kind of cases that's sort of capable of repetition but evading the view and the Court has appointed counsel for the briefing of this, I would suggest that it is worthy of this Court's resolution and determination. Turning to the proper resolution of the appeal issue, with respect, everything that my colleague has said about the uncertainty of Mr. Gooch's filing is equally true of all the other certificate of appeals cases that are out there. If you accept this distinction between subjectivity and objectivity, then any request for a certificate of appeal would likewise not objectively manifest an intent to appeal. We respectfully agree with the Court that there could be there can be no difference here and there can be no doubt that Mr. Gooch has clearly manifested his intent, he's clearly provided notice to the United States of that intent, and there's ample clarity for the Court in its ability to understand that. To conclude, I would simply say Mr. Gooch's last letter to the Court said, I just don't want to file a motion prematurely, and it would indeed be iniquitous for this Court to deem his patience waiting for a resolution from the Court to be a waiver of his right to appeal. With that, we respectfully urge the Court to accept jurisdiction of the case, and having done so, to reverse this case. Thank you very much. Thank you. Mr. Rosenzweig, you were appointed by the Court to represent the appellant. You've done a superb job, and the Court thanks you. Thank you very much. Case is submitted.
judges: Kavanaugh, Wilkins, Williams